850 F.2d 690
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Otis BLACKMON, Defendant-Appellant.
 No. 87-5190.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 6, 1988.
Decided: June 16, 1988.
 
 Michael S. Scofield, for appellant.
 Thomas E. Booth, Criminal Division, Department of Justice (Thomas J. Ashcraft, United States Attorney; Thomas Church, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges and ROBERT R. MERHIGE, Jr., Senior District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal arises from the conviction of Otis Blackmon, following a jury trial, of conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, distribution of cocaine, and possession of a firearm by a felon. Blackmon challenges three rulings of the district court. First, he contends that the district court abused its discretion in refusing to order the government to disclose the identity of an informant. Second, he asserts that his confession should not have been admitted into evidence. Third, he contends that his car was improperly searched and the fruits of that search were improperly admitted into evidence.
 
 
 2
 For the reasons set forth below, we affirm.
 
 I.
 
 3
 The events giving rise to Blackmon's conviction involve cocaine sales by co-defendant James C. Conner to undercover Police Officer Calvin Kearney. On April 29, 1987, an informant arranged for a meeting between Conner and Kearney. The next morning, the informant introduced Kearney to Conner and Conner's nephew, Kyle Carr, in the parking lot of a bus terminal. The informant told Conner, "Deal with my partner," and walked away. After the informant had gone inside the terminal, Conner sold one-half ounce of cocaine to Kearney.
 
 
 4
 Subsequently, Kearney contacted Conner directly. On May 7, Conner and Carr sold one and one-half ounces of cocaine to Kearney. On May 12, Kearney contacted Conner to arrange for a larger purchase the following day.
 
 
 5
 The May 13 meeting occurred in the parking lot of a Hardees' Restaurant. Testimony from surveillance officers and Conner revealed that Conner and Carr stopped at a service station on the way to Hardees' where they met with Blackmon. Blackmon drove to Hardees in a separate car and observed the meeting. Conner told Kearney that his source would not front the requested eight ounces of cocaine so that Kearney would have to pay in advance. Kearney asked Conner to ask his source to reconsider.
 
 
 6
 Conner and Carr left the parking lot and Blackmon followed. They stopped their cars and conferred. Blackmon declined to reconsider his refusal to front the drugs. Both cars then returned to the Hardees' parking lot.
 
 
 7
 Upon rejoining Kearney, Conner offered to buy two ounces of cocaine with his own money to resell it to Kearney, and Kearney agreed. Conner and Carr drove to appellant's home. When they returned to the parking lot, they sold the cocaine to Kearney.
 
 
 8
 Kearney then asked whether Conner could purchase two more ounces. Conner and Carr repeated the trip to Blackmon's house. This time, however, upon return to the parking lot, Conner and Carr were arrested. Blackmon was arrested a short time thereafter.
 
 
 9
 Prior to trial, defendant moved for discovery including the identity of the informant. The magistrate granted the motion. The government objected to revealing the identity of its informant on the ground that such revelation would endanger the informant's life. The district court, both initially and on rehearing, reversed the findings of the magistrate.
 
 
 10
 The government has a qualified privilege to withhold the identity of its informants so as to encourage members of the public to aid the police without fear of reprisal. United States v. Smith, 780 F.2d 1102, 1107 (4th Cir.1985). The district court is required to balance the public interest in keeping the identities confidential against the defendant's need for the information in preparing his defense. Id. The proper balance depends on the facts of each case, "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. (quoting Roviaro v. United States, 353 U.S. 53, 62 (1957)); United States v. Price, 783 F.2d 1132, 1137 (4th Cir.1986). The district court's balance of these factors is reviewed under an abuse of discretion standard. United States v. Brinkman, 739 F.2d 977, 981 (4th Cir.1984).
 
 
 11
 The privilege may be applicable even if the informant is more than a mere tipster. Brinkman, 739 F.2d at 981. Where the informant is not an integral participant in the criminal transaction, defendant must come forward with something more than speculation as to the helpfulness of the disclosure to his defense. Smith, 780 F.2d at 1108.
 
 
 12
 In the instant case, the informant introduced the undercover agent to Blackmon's co-defendant. He was not present while the transaction was consumated or at any subsequent transaction. However, the informant sold heroin to Conner on the morning of the first transaction for Conner's own use.
 
 
 13
 Blackmon maintained at trial that he was not the supplier of the cocaine. He contended that the informant was the likely supplier of the drugs sold by Conner. Use of the informant to bolster this theory is the only reason provided to compel disclosure.
 
 
 14
 Blackmon's contention is speculative and unsupported by the evidence. It would be peculiar indeed for the informant knowingly to supply drugs for sale to an undercover agent. Likewise, it would be odd for Conner to agree to act as a middleman between the informant, as an unknown supplier, and Kearney when the informant introduced Kearney as his partner to Conner. Defendant is doing nothing more than pointing his finger and the informant is the only available target.
 
 
 15
 The informant, while more than a tipster, was minimally involved in the development of the case against Blackmon. The government, on the other hand, contended that disclosure of the informant's identity would endanger his life. Accordingly, the Court finds that the district court did not abuse its discretion in balancing the factors in this case.
 
 II.
 
 16
 Defendant next contends that his confession was improperly admitted into evidence because the government failed to demonstrate that he waived his Miranda rights.
 
 
 17
 Following his arrest, Blackmon was taken to the Charlotte police station. Officer Mulhall testified that he read Blackmon his rights. He then asked Blackmon questions regarding personal data needed for the arrest sheet.
 
 
 18
 Drug Enforcement Agent Ridler testified that he later readvised Blackmon of his rights before he began questioning him. According to Ridler, Blackmon stated that he understood his rights and was willing to answer questions. Blackmon also explained that because he was old, in poor health, and unlikely to live much longer, he was willing to answer incriminating questions.
 
 
 19
 Blackmon testified that, after Officer Mulhall read him his rights, Blackmon stated that he chose to remain silent. Furthermore, Blackmon testified that, although Agent Ridler said he would readvise him of his rights, he never did. No written waiver of rights form was completed.
 
 
 20
 Prior to trial, defendant moved to suppress defendant's confession of guilt in answering Agent Ridler's questions. The magistrate noted that defendant's testimony conflicted with all of the other testimony and evidence offered. The magistrate found that defendant was testifying in his own best interest without regard to the truthfulness of his testimony. The magistrate denied the motion and the district court affirmed.
 
 
 21
 A court may properly conclude that Miranda rights have been waived when the "totality of the circumstances surrounding the interrogation reveals both an uncoerced choice and the requisite level of comprehension." Moran v. Burbine, 475 U.S. 412, 421 (1986) (internal quotation marks omitted). The lower court's findings of fact on this matter are accepted unless clearly erroneous. United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir.1987), United States v. Morrow, 731 F.2d 233, 236 (4th Cir.), cert. denied, 467 U.S. 1230 (1987).
 
 
 22
 In the instant case, the magistrate found Blackmon's testimony incredible. The district court affirmed stating that "[t]he whole matter turns on the credibility of the witnesses." The Court agrees, and finds that the assessment of the credibility of the witnesses is not clearly erroneous. Accordingly, the district court did not err in admitting the confession into evidence.
 
 III.
 
 23
 Lastly, defendant contends that the money found in his car was improperly admitted into evidence.
 
 
 24
 During questioning at the police station, the officers advised Blackmon that a police attorney approved their application for a search warrant for his home and other car to search for the money Kearney had given Conner and the remainder of the cocaine Kearney had planned to buy. They also advised Blackmon that, if drugs were found in the house, the person in control of the house would be arrested. Blackmon responded that there were no drugs in the house, that the money was in his car, and the officers could go ahead and get it.
 
 
 25
 Defendant moved to suppress the "buy money." The magistrate found no evidence in the record to support a theory that Blackmon was intimidated or coerced. The magistrate also found that the search was proper under the automobile exception. The district court affirmed.
 
 
 26
 When a suspect freely and voluntarily consents to a search, a warrantless search is proper. Florida v. Royer, 460 U.S. 491, 497 (1983). The record is devoid of evidence in support of defendant's theory that he was coerced into consenting. From review of the record, it appears that Blackmon was nonchalant during this time of the questioning. The lower court's findings of fact leading to its conclusion that Blackmon acted freely and voluntarily are not clearly erroneous and must be accepted. See United States v. Pelton and United States v. Morrow, supra.
 
 
 27
 Because we accept the finding that consent to search the car was freely and voluntarily given, it is unnecessary to review the automobile exception finding.
 
 Accordingly, the judgment of conviction is
 
 28
 AFFIRMED.